UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 13-02724-VBF | Dated: | July 31, 2013 |

Title:  *Tyler Jenkins, Petitioner v. M. Biter (Warden), Respondent*

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter                                                             N/A
Courtroom Deputy                                              Court Reporter

ATTORNEYS PRESENT FOR PETITIONER:         ATTORNEYS PRESENT FOR DEFENDANTS:

N/A                                                                              N/A

**PROCEEDINGS (IN CHAMBERS):**   **ORDER ADOPTING THE REPORT AND RECOMMENDATION AS MODIFIED, DECLINING TO DISMISS THE PETITION AT THIS JUNCTURE, PERMITTING PETITIONER TO AMEND THE PETITION TO DELETE UNEXHAUSTED CLAIMS, and ADVISING PETITIONER THAT THE PETITION WILL BE DISMISSED IF HE FAILS TO AMEND THE PETITION BY A DATE CERTAIN**

The Court agrees with the Magistrate Judge that this 28 U.S.C. § 2254 habeas corpus petition is *ultimately* subject to dismissal without prejudice because it is "mixed," i.e., it contains both exhausted and unexhausted claims. *See* R&R at 1. For reasons explained below, however, the petition is not subject to dismissal *at this juncture*. The Court therefore adopts the well-reasoned Report and Recommendation, but with a modification.

It is true that "[o]nce a district court determines that a habeas petition contains *only* unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (once respondent moves to dismiss,

MINUTES FORM 90                                                       Initials of Deputy Clerk _____
CIVIL - GEN

the court is "obligated to dismiss immediately" if the petition contains no exhausted claims) (citing *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997)); *see, e.g., Haynes v. Brazelton*, 2013 WL 352132 (C.D. Cal. Jan. 29, 2013) (dismissing without prejudice a section 2254 petition which contained only unexhausted claims).

**But the law is different where, as here, the petition contains at least one claim which the petitioner has properly exhausted in the state courts. The Ninth Circuit recently reaffirmed that while "[f]ederal courts may not adjudicate mixed habeas petitions," nonetheless *"we have explained that a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims."*** *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) (emphasis added) (citing, *inter alia*, *Jefferson v. Budge*, 419 F.3d 1013, 1016-17 (9th Cir. 2005) and *Kelly v. Small*, 315 F.3d 1063, 1069-70 (9th Cir. 2003) (same)); *see also Ybarra v. McDaniel*, 656 F.3d 984, 997-98 (9th Cir. 2011) ("When Ybarra returned to district court with unexhausted claims in his 2002 petition, the district court appropriately allowed him to avoid the harsh consequence of outright dismissal of the entire petition by abandoning the unexhausted claims.") (citation omitted), *cert. denied*, – U.S. –, 133 S. Ct. 424 (2012); *Wooten v. Kirkland*, 540 F.3d 1019, 1026 (9th Cir. 2008) (quoting *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1535 (2005)); *Valerio v. Crawford*, 306 F.3d 742, 770 (9th Cir. 2002) (citation omitted); *Anthony v. Alhambra*, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts *must* provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.")) (emphasis added).[1] *Accord Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (before dismissing a mixed habeas petition, the

---

[1] *See, e.g., Mosley v. Walker*, 623 F. Supp.2d 1078, 1086 (C.D. Cal. 2009) (Collins, C.J.) ("On December 18, 2008, this Court found the initial petition to be a 'mixed' petition containing an unexhausted claim, Ground Two, and on January 5, 2009, petitioner filed a request to strike Ground Two, which the Court granted."); *Wilson v. Almager*, 2008 WL 5397428, *2 (C.D. Cal. Dec. 22, 2008) (King, J.) ("[U]nless petitioner elects to proceed on his exhausted claim only, the Motion to Dismiss should be granted to the extent it seeks dismissal of the Petition without prejudice without prejudice based upon the 'mixed' nature of the Petition."); *Ramirez v. Runnels*, 2010 WL 4628510, *8 (C.D. Cal. Nov. 8, 2010) (Wu, J.) ("Ordinarily . . . the district court must apply the total exhaustion rule and dismiss a mixed petition. In this event, the court must provide the petitioner with the choice of returning to state court to exhaust his claims or amending the habeas petition to present only exhausted claims in the district court.") (citations omitted).

court must give the petitioner an opportunity to amend his petition to delete all claims except those which had been exhausted in the state courts before AEDPA's one-year limitations period expired).

**This Court has consistently applied this rule.** *See, e.g., Swanson v. Clark*, 2009 WL 3489388, *2 (C.D. Cal. Oct. 26, 2009) (Fairbank, J.) ("When a district court intends to dismiss a mixed petition, however, it must give a petitioner 'the choice of returning to state court to exhaust his [grounds] or of amending . . . the habeas petition to present only exhausted [grounds] to the district court.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982)); *Bautista v. Small*, 2008 WL 5101920, *6 n.6 (C.D. Cal. Nov. 25, 2008) (Fairbank, J.) ("A federal habeas corpus petition that includes both exhausted and unexhausted claims is a 'mixed' petition, and the Court must dismiss it in its entirety without prejudice. *But before doing so, a court must give the petitioner the opportunity to delete the unexhausted claim(s) and proceed with the exhausted claim(s).*") (citing *James v. Giles*, 221 F.3d at 1074, 1077 (9th Cir. 2000)) (emphasis added).

**Indeed, the Ninth Circuit has repeatedly reversed when a district court dismisses a mixed habeas petition without first affording petitioner the opportunity to amend his petition to delete unexhausted claims.** *See Henderson*, 710 F.3d at 873; *Jefferson*, 419 F.3d at 1016-17; *Vang v. Nevada*, 329 F.3d 1069, 1076 (9th Cir. 2003) (reversing in pertinent part and stating, "We remand the case to the district court so that it may give petitioner the opportunity to request dismissal of his unexhausted claims and continue in the district court or to accept the district court's dismissal of the mixed petition."); *Kelly*, 315 F.3d at 1069-70; *James v. Pliler*, 269 F.3d 1124, 1127 (9th Cir. 2001) ("Because the Court failed to provide James with an opportunity to amend his petition by deleting the unexhausted claims and explaining this possibility to him, we remand . . . ."); *Matthews v. Sullivan*, 155 F. App'x 864, 865 (9th Cir. 2006) ("It is error for a district court to dismiss a mixed habeas petition without first offering the petitioner the options provided in *Rose v. Lundy* . . . . Accordingly, we reverse the district court's judgment dismissing Matthews' habeas petition and remand so that Matthews may be provided with an opportunity to exercise his options under *Rose*.").

## ORDER

The Report and Recommendation is **ADOPTED as modified**.

The Court **DECLINES** to dismiss the habeas corpus petition at this time.

No later than Friday, September 6, 2013, petitioner **MAY FILE** an amended petition which deletes all unexhausted claims and contains only exhausted claims.

Consistent with this Court's past practice,[2] the petitioner is **CAUTIONED** that if petitioner fails to file an amended petition by that deadline, his entire petition will be dismissed without prejudice – without further notice – for failure to exhaust available state-court remedies.[3]

Likewise, if petitioner files an amended petition by the deadline but that amended petition fails to delete all unexhausted claims and/or asserts new unexhausted claims, his entire petition will be dismissed without prejudice – without further notice – for failure to exhaust available state-court remedies.

IT IS SO ORDERED.

---

[2] *See Cox v. State of California*, 2013 WL 3755956 (C.D. Cal. July 16, 2013) (Fairbank, J.);

*Swanson v. Clark*, 2009 WL 3489388, *2 (C.D. Cal. Oct. 26, 2009) (Fairbank, J.) ("Petitioner is cautioned that failure to timely file a first-amended petition asserting only completely exhausted grounds may be construed as his consent to dismissal of this action.");

*Soderstrom v. Kramer*, 2009 WL 699950, *9-*10 (C.D. Cal. Mar. 12, 2009) (Fairbank, J.) ("Petitioner is advised that he may choose to strike the unexhausted claims, i.e., grounds one through twenty-six and ground thirty. * * * *Petitioner is explicitly cautioned that failure to timely comply . . . may result in a recommendation* that this action be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), or . . . *that the petition be dismissed as a mixed petition*.") (internal citation omitted) (emphasis added).

[3] *See, e.g., Elijah v. Valenzuela*, 2013 WL 3819456, *1 (C.D. Cal. July 23, 2013) (Fitzgerald, J.) ("[T]he Magistrate Judge gave petitioner an opportunity to cure the defects by granting him leave to file a first amended petition that only raised exhausted claims."); *Brown v. Keblis*, 2011 WL 6433308, *1 (C.D. Cal. Dec. 16, 2011) (Carter, J.) ("It is ordered that, as the Petition is 'mixed,' and as Petitioner has not amended his petition to delete his unexhausted claims . . . or otherwise notified the Court that he has abandoned / voluntarily dismissed such claims by the deadline . . . , . . . the Petition is dismissed and Judgment is to be entered accordingly."); *Alonso v. Biter*, 2013 WL 57711, *4 (E.D. Cal. Jan. 4, 2013) (Oberto, M.J.) ("Petitioner has been given an opportunity to withdraw the unexhausted claims and to proceed on the fully exhausted claims; however, Petitioner failed to withdraw the unexhausted claims. The Court must thus dismiss the petition without prejudice.").