O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYLER JENKINS, | ) | NO. LA CV 13-02724 VBF (RZ) |
| | ) | |
| Petitioner, | ) | |
| | ) | OPINION and ORDER |
| v. | ) | |
| | ) | Adopting the 2d R&R as Supplemented; |
| M.D. BITER, WARDEN, | ) | Declining to Exercise Statutory Discretion |
| | ) | to Deny Unexhausted Claims for Lack of |
| Respondent. | ) | Merit; Directing Petitioner to Choose One |
| | ) | of Four Options by a Date Certain on |
| | ) | Penalty of Dismissal *with* Prejudice; |
| | | Requiring Respondent to Respond and |
| | | Permitting Petitioner to Reply |

In July 2010, an L.A. County Superior Court jury convicted Tyler Jenkins ("petitioner") of voluntary manslaughter with the use of a firearm and negligently shooting at a motor vehicle.  In August 2010 petitioner was sentenced to 21 years in state prison.  *See* Petition ("Pet") (Document ("Doc") 1) at 2.  Proceeding *pro se*, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in April 2013.  There is no suggestion that any of the claims is untimely.  Petitioner contends that the state appellate courts committed AEDPA error in rejecting the following five claims:  (1) the evidence presented at trial was insufficient to support the convictions beyond a reasonable doubt, *see* Pet. at 5 ¶ 7(a); (2) the trial court violated his Fifth, Sixth, and Fourteenth Amendment right to a fair trial by excluding evidence that the victim had previously possessed firearms, *id.* at 5 ¶ 7(b); (3) the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights to due process by imposing an upper-term sentence when the evidence failed to support its finding of aggravating circumstances, *id.* at 6 ¶ 7© ; (4A) his trial attorney rendered ineffective assistance of counsel in violation of the Sixth Amendment ("IAC") by failing to conduct an adequate pretrial investigation and put on an adequate defense, *id.* at 6 ¶ 7(d); (4B) his

appellate attorney rendered IAC by failing to "properly federalize all claims" and failing to raise the issue of imperfect self-defense, *id.*; and (5) his convictions violated his Fifth, Sixth, and Fourteenth Amendment rights because he is actually, i.e. factually, innocent of the crimes, *id.* at 6 ¶ 7(e).

The Magistrate Judge has issued a Second Report and Recommendation ("2R&R") recommending that the Court "grant Petitioner 21 days from acceptance to file a First Amended Petition presenting only his unexhausted [sic, should be exhausted] claim (Claim 1)" and "dismiss the action without prejudice as mixed *if and only if* Petitioner fails to file a timely [FAP] that presents only Claim 1." Doc 23 at 4-5. The Court will adopt the Second R&R to the following extent: the Court agrees that claim 1 is exhausted, that claims 2-5 are unexhausted, and that a habeas petition containing both exhausted and unexhausted claims (a so-called mixed petition) is ultimately subject to dismissal without prejudice.

The Court will also modify and supplement the Second R&R. First, the Court acknowledges its statutory authority to deny unexhausted claims for lack of merit but will decline to exercise that authority in its discretion. The Court will then give petitioner a deadline to elect one of the *four* options required by Ninth Circuit law: (1) file an amended petition which contains only the exhausted claim; (2) file a notice expressing the desire to leave the petition as written, which will lead to dismissal without prejudice of the entire petition as mixed; (3) file a motion seeking "stay and abeyance" under the Supreme Court's *Rhines* decision, which would stay the whole action while petitioner returns to state court to try to exhaust the unexhausted claims, and (4) file a motion seeking "*withdrawal*, stay, and abeyance" under the Ninth Circuit's *Kelly* decision, which would voluntarily dismiss all four unexhausted claims and stay the remaining action while petitioner returns to state court to try to exhaust those dismissed claims. Finally, the Court will advise petitioner that if he fails timely to respond to this Order or files a response which does not clearly elect one of the four options, the petition will likely be dismissed *with* prejudice for lack of prosecution and for failure to comply with Court order.

PROCEDURAL HISTORY

In July 2013, the Court adopted the First R&R, finding claims 4 and 5 to be unexhausted and directing petitioner to file an amended petition presenting only exhausted claims no later than August 31, 2013. The Order advised petitioner that if he failed to delete unexhausted claims 4 and 5, the entire petition could be dismissed, albeit *without* prejudice, as a mixed petition without further opportunity for amendment. Petitioner did not amend the petition to delete claims 4 and 5. Instead, he timely filed a notice stating that he had exhausted claims 4 and 5 because the California Supreme Court had just denied a habeas petition including them. The Magistrate was skeptical that a habeas petitioner could exhaust claims after filing in federal court, but he ordered the original petition (all five claims) served on respondent, and directed respondent to file an answer or a brief in opposition to the notice of exhaustion.

To date, respondent has not filed an answer to the habeas petition.  Nor has respondent filed any motion to dismiss, e.g., for failure to state a claim on which relief could be granted.  Indeed, the parties appropriately have not filed any briefs on the merits beyond petitioner's opening memorandum, because the case has focused thus far on exhaustion.  Accordingly, respondent filed an opposition (Doc 21) to petitioner's Notice of Exhaustion (Doc 11).  Respondent contends that the California Supreme Court's denial of claims 4 and 5 did not exhaust those claims because petitioner did not complete the state-court process by remedying deficiencies identified in that court's order.  Namely, petitioner never returned to the state supreme court with an amended habeas petition that articulated sufficient factual allegations.  The respondent further contended that claim 2 (wrongful exclusion of evidence that the victim previously possessed firearms) and claim 3 (sentencing error by finding aggravating circumstances without sufficient evidence) are not exhausted, either, because petitioner did not assert that those actions violated any provision of the *federal* Constitution, did not cite federal case law, and did not cite state case law which sufficiently adopted, relied on, or discussed federal c case law.  As explained below, the Magistrate and the undersigned agree with the respondent that claims 2-3 and claims 4-5 are unexhausted.

## ANALYSIS:  PETITIONER HAS NOT EXHAUSTED CLAIMS 2 AND 3

As the Magistrate notes, exhaustion requires a petitioner to describe, in the state's highest court, both the operative facts and the federal legal theory underlying his claim.  *See* R&R at 3 (citing *Henry*, 513 U.S. at 365-66).  As the Supreme Court has put it, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee . . . ."  *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074 (1996).  The federal habeas claim is "fairly presented if raised in the petition itself, an accompanying brief, or another similar document filed with" the state supreme court.  *Gentry v. Sinclair*, 705 F.3d 884 (9th Cir.)  (citing *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347 (2004)), *cert. denied*, – U.S. –, 134 S. Ct. 102, *reh'g denied*, – U.S. –, 134 S. Ct. 726 (2013).

A petitioner cannot exhaust the federal version of a claim merely by demonstrating that the state-law claim he presented to the state supreme court was similar to the federal claim.  *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of federal and state error [sic] is insufficient to establish exhaustion.") (citing *Duncan*, 513 U.S. at 366, 115 S. Ct. 887).  "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."  *Hiivala*, 195 F.3d at 1106 (citing *Gray*, 518 U.S. at 162-63, 116 S. Ct. 2074); *see, e.g., Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005) ("Finally, at the end of his argument, Castillo claimed that '[b]ecause this improper evidence was admitted, Appellant was denied a fair trial in violation of the United States and the Arizona Constitutions.'  That general appeal to a 'fair trial' right, however, failed to exhaust Castillo's claim.  It did not reference, as

we require, any specific provision of the U.S. Constitution on which he rested his claim.") (citing *Hiivala*, 195 F.3d at 1106, and *Lyons*, 232 F.3d at 670).

On the other hand, a petitioner need not show that he cited the same federal authorities in his state supreme court filings as he has cited in his subsequent federal habeas petition. *See MacFarlane v. Walter*, 179 F.3d 1131, 1138 (9th Cir. 1999) ("'Exhaustion of remedies does not require that the state have had the opportunity to pass on the claim under the *particular authorities* advanced in the federal habeas court.'") (quoting *Hudson v. Rushen*, 686 F.3d 826, 830 (9th Cir. 1982)), *vacated o.g. sub nom. Lehman v. MacFarlane*, 529 U.S. 1106, 120 S. Ct. 1959 (2000). And, as a practical matter, "exhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court." *Greene v. Lambert*, 288 F.3d 1081, 1096 (9th Cir. 2002), *cited by Foote v. Del Papa*, 244 F. App'x 74, 77 (9th Cir. 2007). Here, of course, the California Supreme Court did *not* "actually consider" the merits of petitioner's claims, basing its summary denial of the petition solely on petitioner's failure to articulate and supply sufficient facts.

Ultimately, "a state prisoner procedurally defaults federal claims if he fails to raise them as *federal* claims in state court . . . ." *McKinney v. Ryan*, 730 F.3d 903, 910 (9th Cir. 2013) (citing *Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S. Ct. 2546 (1991)) (emphasis added), *reh'g en banc granted o.g.*, No. 09-99018, – F.3d –, 2014 WL 1013859 (9th Cir. Mar. 12, 2014). The Magistrate thus is right to conclude that petitioner has failed to exhaust claims 2 and 3 either before or after filing this petition. This is because his briefs in the California Supreme Court make no mention of any provisions of the U.S. Constitution and cite no federal case law or other federal authority with regard to the subject matter of the claims[1]. *See, e.g., Castle v. Schriro*, 414 F. App'x 924, 925 (9th Cir. 2011) (in his first state habeas

---

[1]

The Court acknowledges that a federal habeas petitioner may exhaust his federal claim by citing only state-court decisions in his filings to the state's highest court *so long as* those state-court decisions in turn rely on or adopt federal case law. "A petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal *or state case law analyzing the particular federal constitutional issue.*" *Foote v. Del Papa*, 244 F. App'x 74, 77 (9th Cir. 2007) (citing *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) and *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001)) (emphasis added). *See also Alvarado v. Ryan*, 2014 WL 831877, *6 (D. Ariz. Mar. 4, 2014) ("'[B]ecause Alvarado was representing himself on appeal [in state court], the citation to a state case applying the appropriate federal standard to the claim would have sufficed.") (citing *Peterson*, 319 F.3d at 1158).

Even then, however, "[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory[.]" *Castillo v. McFadden*, 399 F.3d 993, 1003 (9th Cir. 2005). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and

petition, petitioner "cited the Arizona sentencing statute and two Arizona cases as support.  Both of the cited cases discuss the proper consideration of aggravating factors that mirror elements of the crime under state law.  No federal cases are cited and no federal constitutional limitations are discussed.  * * *  In the circumstances presented here, the [state supreme] court would have had no reason to suspect that [petitioner] was asserting a federal double jeopardy claim or due process claim related to the amounts involved in his crime.").

ANALYSIS:  PETITIONER HAS NOT EXHAUSTED CLAIMS 4 and 5 EITHER

The Magistrate is also right to conclude that petitioner has failed to exhaust claims 4 and 5 either before or after filing this federal petition.  Petitioner accurately states that the California Supreme Court denied a state habeas petition which raised claims corresponding to claims 4 and 5 herein.  He fails to note, however, the legally significant fact that the state supreme court did not reach the merits of those two claims.  Rather, as the Magistrate points out, the California Supreme Court's order summarily dismissing the habeas petition merely cited pages in the state supreme court decisions of *In re Swain* and *Duvall* which indicate that the petition failed to adequately inform the court of the facts underlying the claims (*Swain*) and that he failed to state fully and with particularity the facts on which relief is sought.  *See* R&R at 3-4 (citing, *inter alia*, *Harris*, 500 F.2d at 1128, and *Howard*, 305 F. App'x at 445).

The Magistrate is right to state that in order to exhaust these two claims, petitioner would have had to return to the state supreme court with an amended petition that rectified the *Swain / Duvall* deficiencies identified in that court's summary dismissal order, yet he has not alleged that he did so.  *See* R&R at 4; *see also Stancle v. Clay*, 692 F.3d 948, 958 (9th Cir. 2012) ("Because *King* cites to *Swain* and *Duvall* (which require that facts be alleged with sufficient particularity) when discussing the need to correct deficiencies, the deficiencies to be corrected were presumably the need to elaborate the facts related to the claims in the first [state habeas] petition."), *cert. denied*, – U.S. –, 133 S. Ct. 1465 (2013); *Gaston v. Palmer*, 417 F.3d 1030, 1036-37 (9th Cir. 2006) (noting significance of citations to *Swain* and *Duvall*).  **Accordingly, petitioner has not exhausted claims 4 and 5.**  *See, e.g., Mercado v. Diaz*, 2013 WL

---

squarely . . . ." *Tung v. Hartley*, 2010 WL 3430398, *10 (E.D. Cal. Aug. 30, 2010) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)) (other citation omitted).  *See, e.g., Alvarado*, 2014 WL 831877 at *6 ("Alvarado did not present his claims in a manner that would have sufficiently alerted the Arizona Court of Appeals to the federal nature of his claim.  He referenced two constitutional amendments, but did not identify any specific rights provided for in those amendments that were violated by the trial court."); *Perez v. Harrington*, 2012 WL 4369732, *3 (C.D. Cal. May 7, 2012) (agreeing with respondent that "one-time 'see also' citation to *Jackson v. Virginia*, 443 U.S. 307 . . . in Petitioner's merits brief [w]as insufficient to apprise the California Supreme Court that Petitioner was raising a federal constitutional claim in addition to his state-law claim.") (citing *Castillo*, 399 F.3d at 1003).

5817556, *14 (C.D. Cal. Oct. 22, 2013) ("The California Supreme Court denied his Petition . . . citing *In re Swain* . . . and . . . *Duvall* . . . ; * * *  Because [that] Court found petitioner's ineffective assistance of counsel claim was not alleged with sufficient particularity, Ground Three is not fully exhausted.").

The habeas petition therefore remains a mixed petition.

LEGAL STANDARD GOVERNING "MIXED" FEDERAL HABEAS PETITIONS

It is true that "[o]nce a district court determines that a habeas petition contains *only* unexhausted claims . . . it may simply dismiss the habeas petition for failure to exhaust." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001); *see, e.g., Crayon v. Hill*, 2012 WL 5197968, *1 (C.D. Cal. Sept. 12, 2012) ("It is recommended that the pending [section 2254] petition be summarily dismissed because the three claims raised in the Petition are unexhausted."), *R&R adopted*, 2012 WL 5197962 (C.D. Cal. Oct. 19, 2012).

But the law is different where, as here, the petition contains at least one claim which the petitioner has exhausted.  Our Circuit holds that "a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims." *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) (citations omitted).  Indeed, the Circuit has reversed when a court dismisses a mixed petition without affording petitioner the opportunity to delete unexhausted claims.  *See Henderson*, 710 F.3d at 873; *Jefferson*, 419 F.3d at 1016-17; *Vang v. Nevada*, 329 F.3d 1069, 1076 (9th Cir. 2003); *James v. Pliler*, 269 F.3d 1124, 1127 (9th Cir. 2001).

**But our Circuit's law requires more than that.  "It is error for a district court to dismiss a mixed habeas petition without first offering the petitioner the options provided in** *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 . . . (1982))." *Matthews v. Sullivan*, 155 F. App'x 864, 865 (9th Cir. 2006) ("Accordingly, we reverse the district court's judgment dismissing Matthews' habeas petition and remand so that Matthews may be provided with an opportunity to exercise his options under *Rose*."). **Petitioner's options under** *Rose*, 455 U.S. at 510, 102 S. Ct. at 1199, **do include the options mentioned by the Report, namely:** (1) amending the petition to delete the four unexhausted claims and proceed only on the lone exhausted claim, *see, e.g., Mims v. Harrington*, 2013 WL 4012836, *4 n.1 (E.D. Cal. Aug. 6, 2013) ("[P]etitioner has elected to proceed in this court only on the claims that were exhausted . . . ."), *R&R adopted*, 2013 WL 6404993 (E.D. Cal. Oct. 18, 2013), or (2) leaving the petition as it is and have the entire petition dismissed without prejudice as mixed.

**Under Ninth Circuit precedent, however, the Court must advise petitioner that he has more options than simply amending the petition to delete the unexhausted claims.** *See Henderson*, 710 F.3d at 874 (referring to "the important precedent requiring district courts first to grant leave to amend, *and*,

if requested, to consider a petitioner's eligibility for a stay under *Rhines* . . . (stay of entire petition), or under *Kelly* . . . (stay of exhausted claims only)") (emphasis added).

**Specifically, petitioner's third option is to move for "stay and abeyance" pursuant to *Rhines v. Weber*,** 544 U.S. 269, 125 S. Ct. 1528 (2005), which would stay proceedings on his exhausted claim while he returns to the state courts to exhaust the four unexhausted claims. To obtain a stay pursuant to *Rhines*, petitioner would have to show that he had good cause for failing to exhaust all his claims in state court, that the claims are not plainly meritless. *See Rhines*, 544 U.S. at 277-78; *compare Blake v. Baker*, No. 12-15522, – F.3d –, 2014 WL 983623 (9th Cir. Mar. 14, 2014) (finding that habeas petitioner had shown good cause for his failure to exhaust claims in state court, as required to support stay and abeyance of mixed petition under *Rhines*) *with Figueroa v. Lea*, 2014 WL 1028500, *1-*2 (S.D. Cal. Mar. 17, 2014) (petitioner had *not* shown good cause for failure to exhaust claims in state court and thus was not entitled to a *Rhines* stay-and-abeyance). Finally, petitioner would have to show that he did not intentionally engage in dilatory litigation tactics in the state courts. *See Rhines*, 544 U.S. at 277-78; *see, e.g., Aytch v. Legrand*, 2014 WL 664670, *5 (D. Nev. Feb. 18, 2014) ("Nothing in the record . . . reflects that petitioner has engaged in intentionally dilatory tactics. While it perhaps is not wholly inconceivable that a noncapital habeas petitioner might engage in such tactics, the relevance of this factor, as a practical matter, largely is restricted to capital cases.") (citation omitted).

**Petitioner's fourth option is to voluntarily dismiss his unexhausted claims without prejudice and move for a stay of his remaining exhausted claim pursuant to *Kelly v. Small*,** 315 F.3d 1063 (9th Cir. 2003), while he returns to state court to exhaust the dismissed claims. This is sometimes called "withdrawal and abeyance."[2] Unlike a *Rhines* stay-and-abeyance, "the availability" of *Kelly* withdrawal-and-abeyance "is not premised upon a showing of good cause" for having failed to exhaust some of his claims. *See King*, 564 F.3d at 1140 (citing no authority because it was a matter of first impression).

---

[2]

The Ninth Circuit decision instituting *withdrawal*-stay-and abeyance as one of a federal habeas petitioner's options in this situation, *Kelly*, was issued in 2003. Two years later, in 2005, the Supreme Court in *Rhines* instituted *stay* and abeyance as one of a federal habeas petitioner's options when his petition is partially unexhausted. The Supreme Court in "*Rhines* did *not* . . . comment on the validity of the three-step [withdrawal] and abeyance procedure approved in . . . *Kelly*." *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009) (citing *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005)).

The Ninth Circuit subsequently held that "the *Kelly* procedure remains available after *Rhines*." *King*, 564 F.3d at 1140 (citing *Robbins v. Carey*, 481 F.3d 1143, 1148 (9th Cir. 2007)).

- 7 -

The Court must warn petitioner, however, that "after he has exhausted his unexhausted claim in state court, he will be able to amend his federal Petition to add this claim only if the claim is timely and 'relat[es] back' to the claims in the pending petition." *See Sanchez v. Long*, No. CV 13-06579-VBF Doc. 16 at 6 (C.D. Cal. Feb. 7, 2014). For claims to relate back to the claim(s) in the pending petition, they must "share[] a 'common core of operative facts' with the claims in the pending petition." *King*, 564 F.3d at 1141 (quoting *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562 (2005)). A new claim will not be deemed to "relate back" to the filing of the original habeas petition, however, merely "because it arises from the same trial, conviction, or sentence." *King*, 564 F.3d at 1141 (citing *Mayle*, 545 U.S. at 662-64).

The Court further cautions "that any new petition would be subject to the statute of limitations in 28 U.S.C. Section 2244(d). Although 28 U.S.C. § 2244(d)(2) tolls the limitation period during the pendency of a 'properly filed application for State post-conviction relief or other collateral review,' the limitations period is not tolled while a federal petition is pending." *Thomas v. Lewis*, 2014 WL 988800, *3 n.2 (C.D. Cal. Mar. 12, 2014) (quoting *Duncan v. Walker*, 533 U.S. 167, 176-78, 181, 121 S. Ct. 2120 (2001)). "The Court makes no finding as to the specific time that the statute of limitations would expire on Petitioner's federal habeas claims." *Thomas*, 2014 WL 988800 at *3 n.2.

THE COURT DECLINES TO CONSIDER THE MERITS OF THE UNEXHAUSTED CLAIMS

**The Court is aware that it has express statutory authorization to deny unexhausted claims on their merits if it wishes to do so.** Title 28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See, e.g., D.A.'s Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 75-76, 129 S. Ct. 2308, 2324 (2009) (J. Alito, concurring, joined by J. Kennedy) ("[E]ven though respondent did not exhaust his state court remedies, his claims may be rejected on the merits, *see* 28 U.S.C. § 2254(b)(2), because a defendant who declines the opportunity to perform DNA testing at trial for tactical reasons has no constitutional right to perform such testing after conviction."); *Murray v. Schriro*, No. 08-99013, – F.3d –, 2014 WL 999019, *24 (9th Cir. **Mar. 17, 2014**) ("Even if this were not unexhausted and procedurally defaulted, it is without merit.") (citing 28 U.S.C. § 2254(b)(2) and *Bell v. Cone*, 543 U.S. 447, 451 and n.3, 125 S. Ct. 847 (2005)); *Cortez v. Fakhoury*, No. 10-56046, – F. App'x –, 2014 WL 721865, *1 (9th Cir. Feb. 26, 2014) ("The state maintains that this claim is unexhausted. We need not address this issue because Cortez does not raise a colorable federal claim.") (citing § 2254(b)(2) and *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005)); *Henry v. Ryan*, 720 F.3d 1073, 1079-80 (9th Cir. 2013) ("The parties disagree about whether the procedural default rule bars this claim. We need not reach this issue, however, because the merits of the claim have been fully briefed, and the district court assumed that it was not barred and reached the merits of the claim. We therefore exercise our discretion

to deny the claim on the merits as permitted by 28 U.S.C. § 2254(b)(2).").

     **The Ninth Circuit sets a high bar, however, before a court may conclude that a habeas claim is so obviously and indisputably weak that it may be denied despite the lack of exhaustion.** "The Ninth Circuit, adopting the standard set forth in *Granberry* [*v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671 (1987)], held that it is appropriate to deny an unexhausted claim on the merits under § 2254(b)(2) when it is *perfectly clear* that the applicant does not raise *even a colorable* federal claim." *Bodnar v. Davis*, 2014 WL 794575, *8 (C.D. Cal. Feb. 26, 2014) (citing *Cassett*, 406 F.3d at 623-24) (emphasis added). Moreover, comity and respect for State courts suggest that a federal court should not be too quick to conclude it is "perfectly clear" that habeas claims are not even colorable.  As our Circuit has explained,

> [T]he principle of comity counsels in favor of a standard that limits a federal court's ability to deny relief under [28 U.S.C.] § 2254(b)(2) to circumstances in which it is perfectly clear that the petitioner has no hope of prevailing.  A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted.  *See Rose* . . . , 455 U.S. 509, 515 . . . (noting that, "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act"); . . . .

*Cassett*, 406 F.3d at 624.  Particularly in the absence of full briefing on the merits, the Court cannot go so far as to say that petitioner has "no hope of prevailing."  *Cf. Saldivar v. McGrath*, 232 F. App'x 669, 670-71 (9th Cir. 2007) (vacating order denying a potentially-unexhausted claim for lack of merit and remanding for a determination regarding exhaustion, ) ("While we do not express a view on the ultimate merits of Petitioner's third due process claim, we cannot say that it is perfectly clear that he failed to raise a colorable claim."); *Pimpton v. Carey*, 216 F. App'x 696, 697 (9th Cir. 2007) ("Although we do not express a view on the ultimate merits of [the] Eighth Amendment claim, we cannot say that it is perfectly clear that it fails to present a colorable federal claim.  [W]e vacate the . . . order denying relief on [that] claim and remand for further proceedings to determine whether the claim was properly exhausted.").

     Instead, the Court will heed our Circuit's observation that "'the concern for comity weighs more heavily when it appears that a state prisoner's claim has arguable merit than when it is easily dismissed as frivolous by a federal court, thus saving a state court from needless and repetitive litigation.'" *Cassett*, 406 F.3d at 624 (quoting *Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999)).  In this connection the Court would note that under both Title 28 U.S.C. § 1915 and the Rules Governing Section 2254 Habeas Corpus Applications in the District Courts, the Magistrate had the authority to recommend dismissal of this petition at the initial-screening stage, without even ordering the petition served on the respondent, if he found its claims to be very clearly meritless.  *See, e.g., Keough v. Mahoney*, 2006 WL 2291179, *1 (D. Mont. Aug. 9, 2006) (Molloy, C.J.) ("Pursuant to Rule 4 of the 2254 Rules, Keough's petition must be dismissed '[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner

is not entitled to relief in the district court.").  The Magistrate did not do so, showing that he shares this Court's reluctance to say at this early stage that petitioner's unexhausted claims are not even colorable.

ORDER

The 2nd Report & Recommendation **[Doc #23] is ADOPTED as supplemented and modified.**

**No later than Friday, May 2, 2014, Plaintiff SHALL DO one of these four things**[3]:

(1)     file a First Amended Petition which drops the four unexhausted claims and presents only the exhausted claim which is denominated Claim One in his current petition;

(2)     file a notice stating he wishes to leave the petition as written, which would result in the entire petition being dismissed without prejudice as a mixed petition;

(3)     file a motion and a declaration, signed under penalty of perjury, seeking "stay and abeyance" pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005), which would leave all claims in the petition and stay proceedings on his exhausted claim while he returns to the state courts to exhaust the four unexhausted claims.

(4)     file a motion and a declaration, signed under penalty of perjury, seeking "withdrawal and abeyance" pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), meaning that he would amend the petition to voluntarily dismiss the four unexhausted claims (leaving only the one exhausted claim in this case) and the case would be stayed while he returns to state court to exhaust the four unexhausted claims.

If Petitioner elects Option Three, a *Rhines* stay, he must set forth good cause for his failure to

---

[3]

*Cf., e.g., Figueroa v. Lea*, 2014 WL 1028500, *3 (S.D. Cal. **Mar. 17, 2014**) ("Petitioner alleged exhaustion of state court remedies as to his first two claims, but not as to the remaining claims . . . .  The Notice then presented Petitioner with four options to avoid having his FAP dismissed by the Court.");

*Azeez v. Cate*, 2013 WL 1627946, *1 (S.D. Cal. Apr. 15, 2013) (because petitioner did not allege exhaustion as to ground seven, the court issued an option "advis[ing] Petitioner of his four options to proceed.  Petitioner had the option to (1) demonstrate the exhaustion of the claim; (2) voluntarily dismiss the petition; (3) formally abandon the unexhausted claim; or (4) file a motion to stay the proceedings, using either the 'stay and abeyance' or 'withdrawal and abeyance' methods.");

*Miller v. Harrington*, 2011 WL 6134237, *1 (C.D. Cal. Oct. 19, 2011) ("Grounds One and Two were exhausted . . . , but Grounds Three through Five were not . . . .  * * *  The January 5 Order advised petitioner of his four options given the 'mixed' nature of the petition, and directed him to elect one of them by February 8, 2011."), *R&R adopted*, 2011 WL 6133908 (C.D. Cal. Dec. 6, 2011).

exhaust the four unexhausted claims and demonstrate that those claims are not 'plainly meritless.'

If Petitioner elects Option Four, a *Kelly* withdrawal-and-abeyance, he need *not* set forth good cause for his failure to exhaust the four unexhausted claims.

** Underline If Plaintiff fails to timely file a notice or motion which clearly elects one of these four options, then the Court will likely dismiss the action **with** prejudice for lack of prosecution and for failure to comply with court order, without further opportunity for amendment or objection. **

**No later than Monday, May 26, 2014, the respondent SHALL FILE** a response.
**No later than Friday, June 13, 2014, petitioner MAY FILE** a reply brief.

DATED:     March 31, 2014

_____
VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

- 11 -